1

2

3

4              UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7   PERSONALWEB TECHNOLOGIES, LLC          Case No. 5:16-cv-01267-EJD (HRL)
    AND LEVEL 3 COMMUNICATIONS, LLC,
8                                          **ORDER GRANTING IN PART
                 Plaintiffs,               PLAINTIFF'S MOTION FOR LEAVE
9                                          TO AMEND INFRINGEMENT
           v.                              CONTENTIONS**
10
    GITHUB, INC.,                          Re: Dkt. No. 122
11
                 Defendant.
12

13          PersonalWeb Technologies, LLC ("PersonalWeb") and Level 3 Communications, LLC

14   ("Level 3") (collectively "Plaintiffs") sued GitHub, Inc. for patent infringement in the U.S.

15   District Court for the Eastern District of Texas.  Dkt. No. 24.  Plaintiffs sued IBM in a separate

16   action in the same district.  *PersonalWeb Technologies, LLC v. IBM*, No. 6:12-CV-661-LED (E.D.

17   Tex. 2012).  Plaintiffs served infringement contentions in December 2013.  Dkt. No. 85-9 at 7.

18   The court stayed both cases for fourteen months pending completion of related inter partes

19   proceedings before the USPTO.  Dkt. Nos. 62, 72.  Judge Rodney Gilstrap lifted the stay and

20   consolidated the GitHub and IBM cases for pretrial purposes.  Dkt. No. 80.

21          In February 2016, Judge Gilstrap issued an Order of Conditional Transfer to the Northern

22   District for both GitHub and IBM effective "immediately upon entry of [his] *Markman* opinion."

23   Dkt. 89 at 6.  Judge Gilstrap issued his claim construction order on March 11.  Dkt. No. 93.  The

24   case appeared on the Northern District docket on March 15, Dkt. No. 97, and was eventually

25   reassigned to Judge Davila on April 1, Dkt. No. 113.  On May 31, PersonalWeb moved this court

26   to amend its infringement contentions.  Dkt. No. 122.  The court vacates the hearing set for this

27   motion and now grants the motion in part for the reasons discussed below.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

**Legal Standard**

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. "Good cause for granting a motion to amend infringement contentions exists when the moving party shows (1) that it was diligent in amending its contentions; and (2) that the nonmoving party will not suffer undue prejudice if the motion is granted." *Angioscore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR, 2015 WL 75187, at *4 (N.D. Cal. Jan. 6, 2015) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). One of the enumerated bases supporting a finding good cause is "[a] claim construction by the Court different from that proposed by the party seeking amendment." Patent L.R. 3-6(a).

But a court's differing claim construction "in and of itself does not constitute good cause," and the moving party must still establish its diligence. *Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-cv-00865-SI, 2014 WL 789197, at *2 (N.D. Cal. Feb. 26, 2014). The Local Rules previously required parties to move to amend infringement contentions "not later than 30 days after service by the Court of its Claim Construction Ruling." *See LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002). The rules now require only that the motion be "timely," Patent L.R. 3-6, but some Northern District courts continue to treat 30 days as a noteworthy threshold, *see Tech. Properties Ltd. LLC v. Canon Inc.*, No. 14-3643-CW, 2016 WL 1360756, at *3 (N.D. Cal. Apr. 6, 2016). "However, even if the movant was arguably not diligent, the court retains discretion to grant leave to amend." *Linex Techs., Inc. v. Hewlett–Packard Co.*, No. C13–159 CW, 2013 WL 5955548, at *1 (N.D. Cal. Nov. 6, 2013); *see also Apple Inc. v. Samsung Electronics Co.*, No. CV 12-00630 LHK, 2012 WL 5632618 (N.D. Cal. Nov. 15, 2012).

**Discussion**

Judge Gilstrap's claim construction was different from that proposed by Plaintiffs. Dkt. No. 93. Plaintiffs argued that the court should give the disputed terms "licensed," "unlicensed," "authorized," "unauthorized," and "authorization" their plain and ordinary meaning. Dkt. No. 85 at 7, 9. The court instead provided a specific construction for each term. Dkt. No. 93 at 25, 28. This discrepancy supports a finding of good cause. Patent L.R. 3-6(a).

1    Plaintiffs must also show that they were diligent in moving the court.  *Verinata Health*,

2   2014 WL 789197, at *2.  Judge Gilstrap issued his claim construction opinion on March 11.  Dkt.

3   No. 93.  The Judicial Office assigned the case to Judge Davila on April 1.  Dkt. No. 113.

4   Plaintiffs moved the court to amend their infringement contentions on May 31, approximately two

5   months after the case was docketed with Judge Davila and two and a half months after Judge

6   Gilstrap issued his claim construction opinion.  Dkt. Nos. 93, 122.  Given the recent transfer of

7   this case to the Northern District and the fact that its initial case management conference is still

8   over one month away, Dkt. No. 117, the court is satisfied that Plaintiffs have acted diligently.  *See*

9   *Radware Ltd. v. F5 Networks, Inc.*, No. 13-cv-02021-RMW, 2014 WL 3728482, at *2 (N.D. Cal.

10   2014) (finding diligence despite a three month delay).

11    A court may deny a party's motion to amend infringement contentions if granting it would

12   cause "undue prejudice to the non-moving party."  Patent L.R. 3-6.  Plaintiffs represent that

13   "GitHub does not oppose [their] motion as to these amendments," Dkt. No. 122 at 7.  *See also*

14   Dkt. No. 124 at 2.  Defendant filed a response and attached "the specific amendments proposed by

15   PersonalWeb and agreed to by GitHub," Dkt. No. 123 at 2.  Plaintiffs' proposed amendment

16   covers claims based on U.S. Patent Nos. 6,928,442  and 8,099,420 but not U.S. Patent No.

17   6,415,280.  Dkt. Nos. 123-2, 123-3.  Plaintiffs' reply acknowledges Defendant's effort to "clarify

18   the scope of the agreed-upon amendment."  Dkt. No. 124 at 2.  The reply does not dispute the

19   scope of that agreement.

20    The court is satisfied that granting Plaintiffs' motion to make the "agreed-upon

21   amendment," Dkt. 123 at 2, will not cause undue prejudice to Defendant, as Defendant has

22   reviewed and agreed to it.  If Plaintiffs wish to make any amendment to their infringement

23   contentions other than that which Defendant agreed to, *see* Dkt. Nos. 123-2, 123-3, they must file

24   a separate motion seeking leave to do so.

25                            **Conclusion**

26   Plaintiffs moved the court to amend their infringement contentions.  The Patent Local Rules

27   require a party to show good cause and establish diligence before the court will grant a motion to

28   amend.  The court is satisfied that Plaintiffs have met the requirements of Patent Local Rule 3-6

United States District Court
Northern District of California

with regard to the amendment both parties agreed to, Dkt. Nos. 123-2, 123-3, and grants their motion to make this specific amendment.

   **IT IS SO ORDERED.**

Dated: 6/28/16

HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

4